IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **DANIEL JAMES GRAY** § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Case No. 5:20cv121 |
| § | |
| **SHARON WEBB, ET AL.** § | |
| § | |
| Defendant § | |

**ORDER**

Plaintiff Daniel Gray, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff complains of the confiscation and loss of his legal materials. The Defendants have filed a motion for summary judgment on the issue of exhaustion of administrative remedies, and one Defendant, Rebecca Rust, also filed a separate motion to dismiss for failure to state a claim.

After review of the pleadings, the Magistrate Judge issued reports recommending that the motion for summary judgment be denied (Docket No. 24), and that Rust's motion to dismiss be granted (Docket No. 23). Copies of the Reports were sent to the parties and no objections have been received; accordingly, the parties are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings in this cause and the reports of the Magistrate Judge. Upon such review, the Court has determined that the reports of the Magistrate Judge are correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the reports of the Magistrate Judge (Docket Nos. 23, 24) are **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the motion to dismiss filed by the Defendant Rebecca Rust (Docket No. 12) is **GRANTED**. The Plaintiff's claims against Rust are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. The statute of limitations on any state law claims which Plaintiff may have against Rust are tolled for a period of 30 days following the entry of this order, with this tolling having no effect upon any claims which were already barred by limitations at the time the present lawsuit was filed. Rust is **DISMISSED** as a party to this lawsuit. It is further

**ORDERED** that the Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies (Docket No. 21) is **DENIED**. In accordance with the scheduling order, the Defendants shall have 30 days from the date of entry of this order in which to file any motions for summary judgment which they may have on issues other than exhaustion, to the extent that no disputed issues of material fact exist and they believe they are entitled to judgment as a matter of law. In the event the Defendants wish to interpose a statute of limitations defense, the tolling effect of Plaintiff's grievances shall be addressed. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999); *Rodriguez v. Holmes*, 963 F.2d 799, 804 (5th Cir. 1992).

Should the Defendants file a motion for summary judgment, the Plaintiff shall respond within 30 days of the date of the filing. The Plaintiff is placed on notice that failure to respond to a motion for summary judgment may reflect a lack of due diligence in prosecuting the case. *See Martinez v. Johnson*, 104 F.3d 769 (5th Cir. 1997) (affirming dismissal for want of prosecution based on prisoner's failure to respond to a summary judgment motion as ordered by the court). Summary judgment motions are normally filed by the Defendants; while the Plaintiff may file such a motion, the Defendants are not required to respond to such a motion unless ordered to do so by the Court.

In the event no dispositive motion is granted on behalf of either party, the case shall be set for trial as soon as the business of the Court permits.

**So ORDERED and SIGNED this 23rd day of September, 2022.**

                                            ROBERT W. SCHROEDER III
                                            UNITED STATES DISTRICT JUDGE